# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re: §
§
Marianne Gail Hurtuk   §   Case No. 15-06497
§
Debtor §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter of the United States Bankruptcy Code was filed on 02/25/2015 . The case was converted to one under Chapter 7 on 02/25/2015 . The undersigned trustee was appointed on 02/25/2016 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

| | | |
|---|---|---|
| 4. The trustee realized gross receipts of | $ | 3,999.00 |
| Funds were disbursed in the following amounts: | | |
| Payments made under an interim disbursement | | 0.00 |
| Administrative expenses | | 0.00 |
| Bank service fees | | 100.00 |
| Other payments to creditors | | 0.00 |
| Non-estate funds paid to 3rd Parties | | 0.00 |
| Exemptions paid to the debtor | | 0.00 |
| Other payments to the debtor | | 0.00 |
| Leaving a balance on hand of[1] | $ | 3,899.00 |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

    5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

    6. The deadline for filing non-governmental claims in this case was 08/14/2015 and the deadline for filing governmental claims was . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

    7. The Trustee's proposed distribution is attached as **Exhibit D**.

    8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 999.75 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

    The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 999.75 , for a total compensation of $ 999.75 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 0.00 , for total expenses of $ 0.00 [2].

    Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 03/30/2016      By:/s/Zane L. Zielinski
                                      Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 15-06497 | BWB | Judge: | Bruce W. Black | Trustee Name: | Zane L. Zielinski |
| Case Name: | Marianne Gail Hurtuk | | | | Date Filed (f) or Converted (c): | 02/25/2015 (c) |
| | | | | | 341(a) Meeting Date: | 04/30/2015 |
| For Period Ending: | 03/30/2016 | | | | Claims Bar Date: | 08/14/2015 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 1910 Cora St., Crest Hill, Il | 108,870.00 | 0.00 | | 0.00 | FA |
| 2. Household goods and furnishings, including audio, video, and | 975.00 | 0.00 | | 0.00 | FA |
| 3. Wearing Apparel | 400.00 | 0.00 | | 0.00 | FA |
| 4. Furs and Jewelry: Costume Jewelry and Diamond Ring | 1,850.00 | 0.00 | | 0.00 | FA |
| 5. 1994 Ford Escort | 500.00 | 0.00 | | 0.00 | FA |
| 6. 2007 Chevrolet Hhr | 2,387.00 | 0.00 | | 0.00 | FA |
| 7. 2014 Tax Refund (u) | 0.00 | 3,999.00 | | 3,999.00 | FA |
| 8. PNC Checking Account (u) | 565.92 | 565.92 | | 0.00 | FA |
| 9. PNC Savings Account (u) | 701.07 | 701.07 | | 0.00 | FA |
| INT. Void (u) | 0.00 | N/A | | 0.00 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)   $116,248.99   $5,265.99   $3,999.00   $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

The Trustee will object to a claim, and then file final report.

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

| | | | | |
|---|---|---|---|---|
| RE PROP # | 1 | -- | Home At 1910 Cora St., Crest Hill, Il | |
| RE PROP # | 2 | -- | Stove-$50.00; Refrigerator-$50.00; TV- $200;washer-$50.00; dryer-$50.00; sewing machine-$75.00; bed room set-$150.00;child bedroom set-$150.00; computer and printer=$200.00 Location: In debtor's possession | Exhibit A |
| RE PROP # | 3 | -- | Clothing-$400.00 Location: In Debtor's Possession | |
| RE PROP # | 4 | -- | Costume Jewelry=$50.00; Diamond Ring- $1800.00 Location: In debtor's possession | |
| RE PROP # | 5 | -- | 1994 Ford Escort-150,000 Miles-$500.00 Location: In Debtor's possession | |
| RE PROP # | 6 | -- | 2007 Chevrolet Hhr-95,000 Miles Location: In Debtor's Possession | |
| RE PROP # | 7 | -- | 2014 Tax Refund.  Debtor received $5099 tax refund, retained $1,100 exemption, and turned over no exempt funds of $3,999. | |

Initial Projected Date of Final Report (TFR): 12/30/2015     Current Projected Date of Final Report (TFR): 12/30/2015

# FORM 2
## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| | |
|---|---|
| Case No: 15-06497 | Trustee Name: Zane L. Zielinski |
| Case Name: Marianne Gail Hurtuk | Bank Name: Associated Bank |
| | Account Number/CD#: XXXXXX4370 |
| | Checking |
| Taxpayer ID No: | Blanket Bond (per case limit): $5,000,000.00 |
| For Period Ending: 03/30/2016 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 07/14/15 | | Transfer from Acct # xxxxxx5099 | Transfer of Funds | 9999-000 | $3,979.00 | | $3,979.00 |
| 08/07/15 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $3,969.00 |
| 09/08/15 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $3,959.00 |
| 10/07/15 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $3,949.00 |
| 11/06/15 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $3,939.00 |
| 12/07/15 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $3,929.00 |
| 01/08/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $3,919.00 |
| 02/05/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $3,909.00 |
| 03/07/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $3,899.00 |

| | | |
|---|---:|---:|
| COLUMN TOTALS | $3,979.00 | $80.00 |
| Less: Bank Transfers/CD's | $3,979.00 | $0.00 |
| Subtotal | $0.00 | $80.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $0.00 | $80.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*    Page Subtotals:    $3,979.00    $80.00

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

Case No: 15-06497  
Case Name: Marianne Gail Hurtuk  
Taxpayer ID No:  
For Period Ending: 03/30/2016

Trustee Name: Zane L. Zielinski  
Bank Name: The Bank of New York Mellon  
Account Number/CD#: XXXXXX5099  
Checking  
Blanket Bond (per case limit): $5,000,000.00  
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 05/22/15 | 7 | Marianne Hurtuk/PNC Bank Cashier's check | Cashier's check from Debtor | 1224-000 | $3,999.00 | | $3,999.00 |
| 06/05/15 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $3,989.00 |
| 07/07/15 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $3,979.00 |
| 07/14/15 | | Transfer to Acct # xxxxxx4370 | Transfer of Funds | 9999-000 | | $3,979.00 | $0.00 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | $3,999.00 | $3,999.00 |
| Less: Bank Transfers/CD's | $0.00 | $3,979.00 |
| Subtotal | $3,999.00 | $20.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $3,999.00 | $20.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 6)*     Page Subtotals:     $3,999.00     $3,999.00

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX4370 - Checking | $0.00 | $80.00 | $3,899.00 |
| XXXXXX5099 - Checking | $3,999.00 | $20.00 | $0.00 |
| | $3,999.00 | $100.00 | $3,899.00 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $3,999.00 |
| Total Gross Receipts: | $3,999.00 |

Exhibit C

ANALYSIS OF CLAIMS REGISTER

Case Number: 15-06497  
Debtor Name: Marianne Gail Hurtuk  
Claims Bar Date: 8/14/2015  
Date: March 30, 2016

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Zane L. Zielinski<br>6336 N. Cicero Avenue<br>Suite 201<br>Chicago, Illinois 60646 | Administrative | | $0.00 | $999.75 | $999.75 |
| 1 300 7100 | Discover Bank<br>Discover Products Inc<br>Po Box 3025<br>New Albany, Oh 43054-3025 | Unsecured | | $3,950.00 | $3,905.74 | $3,905.74 |
| | Case Totals | | | $3,950.00 | $4,905.49 | $4,905.49 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

Page 1    Printed: March 30, 2016

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 15-06497
Case Name: Marianne Gail Hurtuk
Trustee Name: Zane L. Zielinski

Balance on hand $ 3,899.00

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Zane L. Zielinski | $ 999.75 | $ 0.00 | $ 999.75 |

Total to be paid for chapter 7 administrative expenses  $  999.75
Remaining Balance  $  2,899.25

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 3,905.74 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 74.2 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Discover Bank | $ 3,905.74 | $ 0.00 | $ 2,899.25 |
| | Total to be paid to timely general unsecured creditors | | | $ 2,899.25 |
| | Remaining Balance | | | $ 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE